Ford J.
This is an action on the ease against James H. Gulick and Thomas II. Green, who were trading under the firm of James H. Gulick and Co., founded on their promissory note hearing date the 2d. of August 1836, for the sum of nine hundred and ninety-seven dollars and ninety-four cents, payable ninety days after date, to the order of Jacob Gulick the plaintiff. To a declaration on the note in ordinary form, James H. Gulick *191 severs from his partner in a special plea, to which the plaintiff, gives a general demurrer, thereby admitting the facts contained in it to be true, but denying that they amount to-any legal defence against the note; and I think it will abundantly appear that they do not. Let us consider them in the order they are staled in the plea.
It avers that the partners, sometime after having made the note in question, made a dissolution of their partnership concern, pursuant to the advice and recommendation of the plaintiff, and that James II. Gulick left all the stock, trade and business to his partner Green, on receiving from him promissory notes for three thousand one hundred and one dollars, with the plaintiff'as security therein for payment, and on receiving from his late partner, an assurance of being saved harmless against all debts owing by their firm. Now which of these acts of the plaintiff can possibly invalidate his note against the firm ? His recommendation to them to dissolve their partnership was received by them as friendly advice, which could have no operation in destroying-his note. His becoming security for the payment of a large sum of money, by one partner to the other, is no reason why he should forfeit a just debt owing to him by both of them; and beyond this, he was no party to any other of their transactions. The transference of the partnership effects, to Thomas H. Green, and his contract with James H. Gulick, to pay all the debts outstanding against the firm, were acts between the partners alone, in which the plaintiff was no party and of course had no responsibility. And surely no agreement between themselves, can invalidate their note in the hands of a third person. So far therefore the matter amounts to no bar. But the plea proceeds to other facts.
It states that immediately on that dissolution, the plaintiff formed a partnership with Thomas H. Green, in the same kind of business, and that the note in question is one of the outstanding debts against the old firm, which Thomas H. Green had undertaken to pay off. This is the whole of the plea in substance. Now as soon as the old firm came to be regularly dissolved, each partner was at liberty to contract new relations in business with whomsoever he pleased. It is averred that the plaintiff knew Thomas II. Green was in debt at the time they entered into part *192 nership it ought however to have made further averment that this new house made a legal assumption to pay the debts owing by that other and different firm, and even then it would have been insufficient; for if the partners were really indebted to James Gulick, he could not set it off against a separate demand of one of the partners; so that under every view of the plea, it is utterly defective, and judgment must be rendered for the plaintiff.
Ryerson, J.
I have been unable to perceive any principle on which, the plea in this case, can be supported. It is true, in the brief submitted to us, a succession of propositions are suggested, with numerous authorities cited in their support. But I must confess my inability to discover any influence which those propositions, any or all of them, can, or ought to have, on the judgment which this Court should render. They all seem to result in this, that when a creditor of a Firm, with due notice, accepts the separate undertaking of only a part of that firm, on, or after the retirement from its business, of the other part, with a contract of indemnity from its debts; the retiring partner is thereby discharged. Admitting the truth of this proposition, in its greatest latitude, it cannot relieve the defendant who has pleaded. He does not show in any part of his plea, that the plaintiff has done any thing to change the relation between him and the defendants, or either of them. He has given no discharge express or implied, of either. He has accepted of no new security, no new promise, or liability. The defendants were originally, jointly liable to him. Nothing has occurred to enable him to pursue a remedy on this joint liability, against one of them alone. And he has received no new security, no new promise, on which he may recover against one alone.
If the defendant pleading this plea, has any defence, it is in equity, and not at law. If the plaintiff have come into the possession of any funds which ought to be appropriated to satisfy this claim, that fact can only be properly manifested and applied, in whole or in part, in another tribunal. The demurrer is therefore well taken, and the plaintiff must have judgment.
Hornblower, C. J. concurred in the opinions of both Justices.

Judgment for plaintiff.